IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YURIE YAMANO, ) | Civ. No. 18-00078 SOM-RLP |
| Plaintiff, ) | |
| ) | ORDER GRANTING STATE OF |
| vs. ) | HAWAII JUDICIARY'S, DOCTOR |
| ) | KOBAYASHI'S, and DOCTOR |
| STATE OF HAWAII JUDICIARY, ) | HUANG'S MOTIONS TO DISMISS |
| DOCTOR KEIICHI KOBAYASHI, AND ) | |
| DOCTOR KATIE HUANG, ) | |
| Defendants. ) | |

**ORDER GRANTING STATE OF HAWAII JUDICIARY'S,
DOCTOR KOBAYASHI'S, and DOCTOR HUANG'S MOTIONS TO DISMISS**

**I.      INTRODUCTION.**

Plaintiff Yurie Yamano, proceeding *pro se*, asserts that Defendants violated her Fifth and Fourteenth Amendment rights. The allegations focus on medical treatment Yamano received from Doctor Keiichi Kobayashi and Doctor Katie Huang related to the removal of Yamano's gallbladder in January 2014. Yamano asserts that Kobayashi and Huang violated Hawaii state malpractice laws and that the State of Hawaii Judiciary denied her due process when she brought her malpractice claims in state court.

Each Defendant has filed a motion to dismiss the Complaint. *See* ECF Nos. 10, 11, and 15. The court grants the motions and, seeing no way that Yamano's claims can proceed in federal court, dismisses this case.

## II. BACKGROUND.

Yamano alleges that, in January 2012, she began experiencing severe stomach pains and sought treatment from Kobayashi. *See* ECF No. 1, PageID # 2. According to the Complaint, Kobayashi diagnosed Yamano with gastroenteritis, but during an emergency room visit in January 2014, another doctor determined that she was suffering from gallstones. *See* ECF No. 1, PageID #s 2-3. Yamano alleges that she suffered "excruciating pain" because Kobayashi had misdiagnosed her in 2012. *See* ECF No. 1, PageID #s 3, 5.

Yamano further alleges that on January 31, 2014, following her emergency room visit, Huang performed surgery on Yamano to remove her gallbladder. *See* ECF No. 1, PageID # 3. Yamano alleges that she consented only to having her gallstones removed, not her entire gallbladder. *See* ECF No. 1, PageID # 3. Yamano alleges that, as a result of the surgery, she suffers from various digestive issues if she eats certain foods. *See* ECF No. 1, PageID #s 5-6.

In October 2014, Yamano filed a medical malpractice suit against Kobayashi and Huang in Hawaii state court.[1] *See* ECF

---

[1] This court takes judicial notice of court documents filed in Yamano's state malpractice suit because they relate directly to the issues raised here. In adjudicating a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject

2

No. 10-5, PageID # 54. Kobayashi filed a motion to dismiss on the ground that Chapter 671 of Hawaii Revised Statutes required Yamano to file a claim with the Medical Inquiry and Conciliation Panel prior to filing her complaint in state court. *See* ECF No. 13-5, PageID #s 126-27. The motion was granted, and the case was dismissed. ECF No. 10-6, PageID #s 61-62. Yamano appealed, and the case eventually reached the Hawaii Supreme Court, which granted Yamano's application for writ of certiorari but later dismissed the matter on the ground that the writ had been improvidently granted. ECF No. 10-11, PageID #s 73-74.

On February 28, 2018, Yamano filed this Complaint under 42 U.S.C. § 1983 for violations of her Fifth and Fourteenth Amendment rights. *See* ECF No. 1, PageID # 1. Though unclear, the Complaint appears to allege that the State of Hawaii Judiciary violated Yamano's due process rights by dismissing her certiorari proceedings, thereby not "recognizing the Constitutional Due process violations" caused by the requirement that she first file a claim with the Medical Inquiry

---

to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotations and brackets omitted). Matters of public record that may be judicially noticed include documents filed with courts, "both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979)).

3

and Conciliation Panel. *See* ECF No. 1, PageID #s 4, 6-7. The Complaint also alleges medical malpractice claims against Kobayashi and Huang. *See* ECF No. 1, PageID #s 5-6. The Complaint seeks $10 million in compensatory damages and $10 million in punitive damages against each Defendant. *See* ECF No. 1, PageID #s 7-8. The Complaint also seeks declaratory judgment against the State of Hawaii Judiciary "for grossly violating the Plaintiff's rights acting in absence of all jurisdiction" and "not following public policy which is also considered as [sic] treason and not a function of a sitting judge."[2] ECF No. 1, PageID # 8.

In response, each Defendant filed a motion to dismiss. *See* ECF Nos. 10, 11, and 15.

### III. MOTION TO DISMISS STANDARDS.

#### A. Rule 12(b)(1) (Lack of Subject-Matter Jurisdiction).

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject

---

[2] The Complaint also seeks injunctive relief in the form of "flyers [to be] handed out or located in the jacket the hospital provides to every patient" informing them of the procedure for submitting a malpractice claim against a doctor. ECF No. 1, PageID # 7. Even if Yamano prevailed on her claims against Defendants, nothing would require the unnamed hospital to provide the requested relief. As a result, any injury caused by hospital flyers or a lack thereof would not be redressable by this court. *See Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006) (noting that when there is "no redressability, [there is] no standing").

4

matter jurisdiction.  An attack on subject matter jurisdiction "may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id*.  Before this court is a facial attack.

In deciding a Rule 12(b)(1) facial attack motion, a court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  However, courts "do not accept *legal conclusions* in the complaint as true, even if 'cast in the form of factual allegations.'"  *Lacano Invs., LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (quoting *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)) (emphasis in original).

**B.  Rule 12(b)(5) (Insufficient Service of Process).**

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows dismissal of a complaint based on insufficient service of process.  Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process.  *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987).  "[S]ervice of process is the mechanism by which the court

5

actually acquires the power to enforce a judgment against the defendant's person or property." *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (internal modifications omitted).

To determine whether service of process was proper, a court looks to the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Gidding v. Anderson*, No. C-07-04755 JSW, 2008 WL 4065814, at *1 (N.D. Cal. Aug. 27, 2008); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2009). "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

The burden is on the party claiming proper service to establish valid service. *Cranford v. United States*, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005); *Federal Practice & Procedure* § 1353 ("The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity."). A court may weigh the evidence and resolve disputed issues of fact in accordance

6

with Rule 12(d). *Taniguchi v. Native Hawaiian Office(s) of the Attorney Gen.*, Civ. No. 09-00117 SOM-KSC, 2009 WL 1404731, at *2 (D. Haw. May 15, 2009).

> **C. Rule 12(b)(6) (Failure to State a Claim Upon Which Relief Can Be Granted).**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. The court's review is generally limited to the contents of a complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir.

1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks omitted)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.    ANALYSIS.**

Yamano seeks relief for what she believes was improper medical treatment of her gallstones and removal of her gallbladder. After an unsuccessful malpractice suit in state court, she now asserts claims under 42 U.S.C. § 1983 in federal court. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (1996).

While the court is sympathetic to Yamano's medical issues, her claims cannot survive Defendants' motions to dismiss. First, Yamano's claims against the State of Hawaii Judiciary are barred by the Eleventh Amendment. Second, Kobayashi and Huang are not liable under § 1983 because they

9

were not acting under color of state law when treating Yamano. Third, the Complaint was not property served on Kobayashi and Huang. Lastly, her state malpractice claims against Kobayashi and Huang are barred by the two-year statute of limitations in section 657-7.3 of Hawaii Revised Statutes. This court dismisses Yamano's claims against all Defendants.

### A. The Eleventh Amendment Bars Yamano's Claims Against the State of Hawaii Judiciary.

Yamano seeks monetary relief and declaratory judgment against the State of Hawaii Judiciary based on alleged violations of her due process rights. ECF No. 1, PageID #s 7-8. Her claims appear to focus on the Hawaii Supreme Court's decision that a writ of certiorari had been improvidently granted. *See* ECF No. 1, PageID #s 6-7. These claims are barred by the Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, a state is immune from lawsuits for monetary damages or other retrospective relief brought in federal court by its own citizens or citizens of other states. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437

(2004); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 105-06 (1984).  Federal court actions against agencies or instrumentalities of a state, including state courts, are also barred by the Eleventh Amendment.  *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017); *Blount v. Sacramento Cty. Superior Court*, 559 F. App'x 623, 623 (9th Cir. 2014).

Thus, the State of Hawaii Judiciary, as an instrumentality of the state, is immune from Yamano's claims for monetary damages and retrospective relief.  The declaratory judgment that Yamano seeks is retrospective in nature because it would require a determination of whether a past constitutional violation occurred when the Hawaii Supreme Court declined to review her case.  *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 848 (9th Cir. 2002), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) ("[W]e consider declaratory relief retrospective to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred." (quoting *People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 n.2 (10th Cir. 2002))).

There are exceptions to Eleventh Amendment sovereign immunity, but none applies here.  Congress may exercise its power under the Fourteenth Amendment to override Eleventh

Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). There is no indication that Congress has taken such action. *See id.* (stating that it is "clear" that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect").

The Eleventh Amendment is also inapplicable when a state unequivocally waives sovereign immunity, *id.*, but the State of Hawaii Judiciary has not done that here. The Complaint refers to sections 662-2 and 662-3 of Hawaii Revised Statutes as bases for this court's jurisdiction. ECF No. 1, PageID # 1. These statutes provide that the State of Hawaii consents to suit in state court under certain circumstances.[3] However, "this

---

[3] Section 662-2 of Hawaii Revised Statutes provides:

> The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

HRS § 662-2 (1972). Section 662-3 provides:

> The circuit courts of the State and, except as otherwise provided by statute or rule, the state district courts shall have original jurisdiction of all tort actions on claims against the State, for money damages, accruing on and after July 1, 1957, for injury or loss of property, or personal injury or death caused by the negligent or

district's federal courts have recognized that, although the State of Hawaii had consented to be sued in chapter 662 of Hawaii Revised Statutes with respect to torts asserted in state court, that consent did not operate as a waiver by the State of Hawaii of its Eleventh Amendment immunity in federal court." *Cislo v. Fuchigami*, No. CV 17-00487 SOM/KJM, 2017 WL 6559753, at *5 (D. Haw. Dec. 22, 2017).

In her opposition, Yamano argues that Eleventh Amendment immunity does not apply to her claims against the State of Hawaii Judiciary, citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam), and *Stump v. Sparkman*, 435 U.S. 349 (1978). ECF No. 22, PageID # 220. These cases are inapposite and do not support her argument. In both cases, the Supreme Court addressed *judicial* immunity against individual judges, not sovereign immunity against states and its instrumentalities. *Mireles*, 502 U.S. at 9-10; *Stump*, 435 U.S. at 355-56. Furthermore, the Court held in both instances that judicial immunity barred suit. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 359-60.

This court concludes that the Eleventh Amendment bars Yamano's claim under § 1983 for monetary damages and

---

>   wrongful act or omission of any employee of
>   the State while acting within the scope of
>   the employee's office or employment.

HRS § 662-3 (2015).

retrospective declaratory relief.[4] *See Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (holding that the Eleventh Amendment bars § 1983 claims).

### B. Kobayashi and Huang are Not "State Actors" Under § 1983.

Yamano asserts that Kobayashi and Huang violated her due process rights in their treatment of her digestive issues. ECF No. 1, PageID #s 5-6. "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); 42 U.S.C. § 1983. Kobayashi and Huang correctly argue that they cannot be considered "state actors" under § 1983 because they did not act under color of state law in their treatment of Yamano. ECF No. 10-3, PageID #s 43-47; ECF No. 11-1, PageID #s 91-92.

A defendant has acted under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the

---

[4] The court also notes that section 602-59 of Hawaii Revised Statutes provides broad discretion to the Hawaii Supreme Court with respect to certiorari petitions. *See* HRS § 602-59(a) (2017) (stating that "the acceptance or rejection" of an application for a writ of certiorari "shall be discretionary upon the supreme court").

14

authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law unless they are determined to be "willful participant[s] in joint action with the State or it agents." *Kirtley v. Rainy*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

The Ninth Circuit has recognized four tests to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley*, 326 F.3d at 1092 (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999)). These tests are aimed at determining whether "the alleged infringement of federal rights [is] fairly attributable to the government." *Kirtley*, 326 F.3d at 1096 (quoting *Sutton*, 192 F.3d at 835) (brackets in original).

The public function test asks whether "private individuals or groups are endowed by the State with powers or functions governmental in nature." *Kirtley*, 326 F.3d at 1093 (quoting *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002)). The joint action test asks whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." *Kirtley*, 326 F.3d at 1093 (quoting

*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995)). Under the compulsion test, we consider "whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (quoting *Sutton*, 192 F.3d at 842). Finally, the nexus test asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 1095 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Yamano's claims against Kobayashi and Huang do not satisfy any of these tests. Yamano refers only to conduct stemming from the doctors' respective private practices and their treatment of Yamano's medical issues. *See* ECF No. 1, PageID #s 2-6. The alleged infringement on Yamano's rights by Kobayashi and Huang bears no relation to any state action. Therefore, Kobayashi and Huang cannot be said to have acted under color of state law, and Yamano's § 1983 claims against Kobayashi and Huang are dismissed.

### C. Yamano Did Not Properly Serve Kobayashi and Huang.

Neither Kobayashi nor Huang was served in accordance with the Federal Rules of Civil Procedure.[5]

Yamano served the doctors' respective counsel from the earlier state lawsuit. ECF No. 7, PageID # 27; ECF No. 9, PageID # 29. Yamano argues that such service was proper given Rule 4(e)(2)(C), which allows for service to "an agent authorized by appointment or by law to receive service of process." ECF No. 22, PageID # 219; Fed. R. Civ. P. 4(e)(2)(C). However, Kobayashi and Huang assert that they did not authorize their prior counsel to accept service in this case. ECF No. 10-3, PageID # 50; ECF No. 11-1, PageID # 90. Representation by certain counsel in an earlier lawsuit does not necessarily indicate authorization to accept service in future, separate suits. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."); *see also* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1097 (4th ed. 2018) ("[D]efendant's attorney probably will not be deemed an agent

---

[5] This order does not address the sufficiency of service on the Hawaii Judiciary. This court dismisses claims against the Hawaii Judiciary on jurisdictional grounds and therefore does not address nonjurisdictional challenges premised on hypothetical jurisdiction.

appointed to receive process absent a factual basis for believing that an appointment of this type has taken place.").

Thus, the Complaint was not properly served on Kobayashi and Huang and is dismissed on that ground.

### D. Yamano's Remaining State Claims are Barred by the Applicable Statute of Limitations.

What remains of the Complaint are Yamano's state malpractice claims against Kobayashi and Huang, over which this court may exercise supplemental jurisdiction. Kobayashi and Huang argue that Yamano's medical malpractice claims are barred by section 657-7.3 of Hawaii Revised Statutes. ECF No. 10-3, PageID #s 47-49; ECF No. 11-1, PageID #s 86-87. Section 657-7.3 governs medical torts and provides:

> [(a)] ***No action for injury*** or death against a chiropractor, clinical laboratory technologist or technician, dentist, naturopathic physician, nurse, nursing home administrator, dispensing optician, optometrist, osteopath, physician or surgeon, physical therapist, podiatrist, psychologist, or veterinarian duly licensed or registered under the laws of the State, or a licensed hospital as the employer of any such person, based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice, ***shall be brought more than two years after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury***, but in any event not more than six years after the date of the alleged act or omission causing the injury or death. This six-year time limitation shall be tolled for

> any period during which the person has
> failed to disclose any act, error, or
> omission upon which the action is based and
> which is known to the person.

HRS § 657-7.3 (2010) (brackets in original).  Thus, under the applicable statute of limitations, Yamano was required to bring her malpractice claims no more than two years after discovering her alleged injuries from the treatment by Kobayashi and Huang.

The latest date provided in the Complaint is February 2, 2014, when Yamano "received her discharge instructions in the hospital folder claiming that they did a *Laparoscopic Cholescystectomy* (Medical terms for *Removing the Gallbladder*)." ECF No. 1, PageID #s 3-4 (emphases in original).  It is more than two years since Yamano allegedly learned that her gallbladder was removed without her consent.  In her opposition, Yamano argues that the relevant date for the two-year limitation is November 13, 2017, when the Hawaii Supreme Court ruled that certiorari had been improvidently granted.  ECF No. 22, Page ID #s 219-20.  However, the actions of the Hawaii Supreme Court are irrelevant to section 657-7.3, which applies to injuries from a "physician or surgeon . . . based upon such person's alleged professional negligence, or for rendering professional services without consent, or for error or omission in such person's practice."  HRS § 657-7.3.

19

Yamano's malpractice claims against Kobayashi and Huang are barred by the two-year statute of limitations in section 657-7.3.

**V.     CONCLUSION.**

The Complaint and this action are DISMISSED.

The Clerk of Court is directed to enter judgment for Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 3, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Yurie Yamano v. State of Hawaii Judiciary, Doctor Keiichi Kobayashi, and Doctor Katie Huang, Civ. No. 18-00078 SOM-RLP; ORDER GRANTING STATE OF HAWAII JUDICIARY'S, DOCTOR KOBAYASHI'S, and DOCTOR HUANG'S MOTIONS TO DISMISS.