IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YURIE YAMANO, | ) | Civ. No. 18-00078 SOM-RLP |
| | ) | |
| Plaintiff, | ) | AMENDED ORDER GRANTING STATE |
| | ) | OF HAWAII JUDICIARY'S, DOCTOR |
| vs. | ) | KOBAYASHI'S, and DOCTOR |
| | ) | HUANG'S MOTIONS TO DISMISS |
| STATE OF HAWAII JUDICIARY, | ) | |
| DOCTOR KEIICHI KOBAYASHI, AND | ) | |
| DOCTOR KATIE HUANG, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**AMENDED ORDER GRANTING STATE OF HAWAII JUDICIARY'S,
DOCTOR KOBAYASHI'S, and DOCTOR HUANG'S MOTIONS TO DISMISS**

## I.      INTRODUCTION.

        The Order Granting State of Hawaii Judiciary's, Doctor
Kobayashi's, and Doctor Huang's Motions to Dismiss, filed on
July 3, 2018, is withdrawn, and this Amended Order is
substituted in its place.  The disposition remains the same, but
the court's reasoning has been amended in some respects.

        Plaintiff Yurie Yamano, proceeding *pro se*, asserts
that Defendants violated her Fifth and Fourteenth Amendment
rights.  The allegations focus on medical treatment Yamano
received from Doctor Keiichi Kobayashi and Doctor Katie Huang
related to the removal of Yamano's gallbladder in January 2014.
Yamano asserts that Kobayashi and Huang violated Hawaii state
malpractice laws and that the State of Hawaii Judiciary denied

her due process when she brought her malpractice claims in state court.

Each Defendant has filed a motion to dismiss the Complaint. *See* ECF Nos. 10, 11, and 15. The court grants the motions and dismisses this case.

## II.      BACKGROUND.

Yamano alleges that, in January 2012, she began experiencing severe stomach pains and sought treatment from Kobayashi. *See* ECF No. 1, PageID # 2. According to the Complaint, Kobayashi diagnosed Yamano with gastroenteritis, but during an emergency room visit in January 2014, another doctor determined that she was suffering from gallstones. *See* ECF No. 1, PageID #s 2-3. Yamano alleges that she suffered "excruciating pain" because Kobayashi had misdiagnosed her in 2012. *See* ECF No. 1, PageID #s 3, 5.

Yamano further alleges that on January 31, 2014, following the emergency room visit, Huang removed Yamano's gallbladder. *See* ECF No. 1, PageID # 3. Yamano alleges that she consented only to having her gallstones removed, not her entire gallbladder. *See* ECF No. 1, PageID # 3. Yamano alleges that, as a result of the surgery, she suffers from various digestive issues if she eats certain foods. *See* ECF No. 1, PageID #s 5-6.

In October 2014, Yamano filed a medical malpractice suit against Kobayashi and Huang in Hawaii state court.[1]  *See* ECF No. 10-5, PageID # 54.  Kobayashi filed a motion to dismiss on the ground that Chapter 671 of Hawaii Revised Statutes required Yamano to file a claim with the Medical Inquiry and Conciliation Panel ("MICP") prior to filing her complaint in state court.  *See* ECF No. 13-5, PageID #s 126-27.  The motion was granted, the case was dismissed, and judgment was entered.  ECF No. 10-6, PageID #s 61-62; ECF No. 10-7, PageID # 63-64.  Yamano appealed, and the case eventually reached the Hawaii Supreme Court, which granted Yamano's application for writ of certiorari but later dismissed the matter on the ground that the writ had been improvidently granted.  ECF No. 10-11, PageID #s 73-74.

On February 28, 2018, Yamano filed this Complaint under 42 U.S.C. § 1983 for violations of her Fifth and

---

[1]  This court takes judicial notice of court documents filed in Yamano's state malpractice suit because they relate directly to the issues raised here.  In adjudicating a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a court may take judicial notice of matters of public record . . . as long as the facts noticed are not subject to reasonable dispute."  *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (internal quotations and brackets omitted).  Matters of public record that may be judicially noticed include documents filed with courts, "both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

Fourteenth Amendment rights. *See* ECF No. 1, PageID # 1. Though unclear, the Complaint appears to allege that the State of Hawaii Judiciary violated Yamano's due process rights by dismissing her certiorari proceedings and by not "recognizing the Constitutional Due process violations" caused by the requirement that she first file a claim with the MICP. *See* ECF No. 1, PageID #s 4, 6-7. The Complaint also alleges medical malpractice claims against Kobayashi and Huang. *See* ECF No. 1, PageID #s 5-6. The Complaint seeks $10 million in compensatory damages and $10 million in punitive damages against each Defendant. *See* ECF No. 1, PageID #s 7-8. The Complaint also seeks declaratory judgment against the State of Hawaii Judiciary "for grossly violating the Plaintiff's rights acting in absence of all jurisdiction" and "not following public policy which is also considered as [sic] treason and not a function of a sitting judge."[2] ECF No. 1, PageID # 8.

In response, each Defendant filed a motion to dismiss. *See* ECF Nos. 10, 11, and 15.

_____

[2] The Complaint also seeks injunctive relief in the form of "flyers [to be] handed out or located in the jacket the hospital provides to every patient" informing them of the procedure for submitting a malpractice claim against a doctor. ECF No. 1, PageID # 7. Even if Yamano prevailed on her claims against Defendants, nothing would require the unnamed hospital to provide the requested relief. As a result, any injury caused by hospital flyers or a lack thereof would not be redressable by this court. *See Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006) (noting that when there is "no redressability, [there is] no standing").

4

III.     MOTION TO DISMISS STANDARDS.

   A.   Rule 12(b)(1) (Lack of Subject-Matter
        Jurisdiction).

     Kobayashi and Huang both raise the prior state court
proceedings as a bar to Yamano's state law claims against them
in this court.  Apparently treating that bar as a matter to be
examined either under Rule 12(b)(6) or Rule 56 of the Federal
Rules of Civil Procedure, they do not discuss the jurisdictional
impact of the prior state court proceeding.

     Res judicata is not a jurisdictional issue, but the
related but distinguishable *Rooker-Feldman* doctrine goes
directly to subject matter jurisdiction.  This court determines
that *Rooker-Feldman* is implicated in this case, for reasons
discussed later in the present order.

     A federal court has a duty to examine subject matter
jurisdiction on its own even if no party raises the issue.  *See
Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593
(2004) ("[I]t is the obligation of both district court and
counsel to be alert to jurisdictional requirements."); *Watkins
v. Vital Pharma., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013)
("[I]t is well established that district courts may address
questions of subject matter jurisdiction sua sponte.")  This
court accordingly proceeds as if Kobayashi and Huang had also

moved under Rule 12(b)(1) of the Federal Rules of Civil
Procedure.

Under Rule 12(b)(1), a complaint may be dismissed for
lack of subject matter jurisdiction.  An attack on subject
matter jurisdiction "may be facial or factual." *Safe Air for
Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A
facial attack asserts that "the allegations contained in a
complaint are insufficient on their face to invoke federal
jurisdiction[,]" while a factual attack "disputes the truth of
the allegations that, by themselves, would otherwise invoke
federal jurisdiction." *Id.*  Before this court is a facial
attack.

In deciding a Rule 12(b)(1) facial attack motion, a
court must assume the facts alleged in the complaint to be true
and construe them in the light most favorable to the nonmoving
party. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136,
1139 (9th Cir. 2003).  However, courts "do not accept *legal
conclusions* in the complaint as true, even if 'cast in the form
of factual allegations.'" *Lacano Invs., LLC v. Balash*, 765 F.3d
1068, 1071 (9th Cir. 2014) (emphasis in original) (quoting *Doe
v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009)).

**B.   Rule 12(b)(5) (Insufficient Service of Process).**

Rule 12(b)(5) of the Federal Rules of Civil Procedure
allows dismissal of a complaint based on insufficient service of

process.  Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process.  *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987).  "[S]ervice of process is the mechanism by which the court actually acquires the power to enforce a judgment against the defendant's person or property."  *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) (alterations omitted).

To determine whether service of process was proper, a court looks to the requirements of Rule 4 of the Federal Rules of Civil Procedure.  *Gidding v. Anderson*, No. C-07-04755 JSW, 2008 WL 4065814, at *1 (N.D. Cal. Aug. 27, 2008); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353 (3d ed. 2009).  "Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint."  *United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  However, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements.  *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

The burden is on the party claiming proper service to establish valid service.  *Cranford v. United States*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005); *Federal Practice &*

*Procedure* § 1353 ("The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity."). A court may weigh the evidence and resolve disputed issues of fact in accordance with Rule 12(d). *Taniguchi v. Native Hawaiian Office(s) of the Attorney Gen.*, Civ. No. 09-00117 SOM-KSC, 2009 WL 1404731, at *2 (D. Haw. May 15, 2009).

### C. Rule 12(b)(6) (Failure to State a Claim Upon Which Relief Can Be Granted).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. The court's review is generally limited to the contents of a complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. *Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. *Sprewell*, 266 F.3d at 988; *Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Dismissal under Rule 12(b)(6) may be based on either "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard . . . does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks omitted)). "[A] plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**IV.      ANALYSIS.**

Yamano seeks relief for what she believes was improper medical treatment of her gallstones and removal of her gallbladder. After an unsuccessful malpractice suit in state court, she now asserts claims under 42 U.S.C. § 1983 in federal court. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (1996).

While the court is sympathetic to Yamano's medical issues, her claims cannot survive Defendants' motions to dismiss. First, Yamano's claims against the State of Hawaii Judiciary are barred by the Eleventh Amendment. Second, Kobayashi and Huang are not liable under § 1983 because they were not acting under color of state law when treating Yamano. Third, Yamano's state malpractice claims against Kobayashi and Huang are barred by the *Rooker-Feldman* doctrine. Lastly, the Complaint was not properly served on Kobayashi and Huang. This court dismisses Yamano's claims against all Defendants.

### A. The Eleventh Amendment Bars Yamano's Claims Against the State of Hawaii Judiciary.

Yamano seeks monetary relief and declaratory judgment against the State of Hawaii Judiciary based on alleged violations of her due process rights. ECF No. 1, PageID #s 7-8. Her claims appear to focus on the Hawaii Supreme Court's decision that a writ of certiorari had been improvidently granted. *See* ECF No. 1, PageID #s 6-7. These claims are barred by the Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend.

XI.  Under the Eleventh Amendment, a state is immune from
lawsuits for monetary damages or other retrospective relief
brought in federal court by its own citizens or citizens of
other states.  *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437
(2004); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst
State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 105-06
(1984).  Federal court actions against agencies or
instrumentalities of a state, including state courts, are also
barred by the Eleventh Amendment.  *Sato v. Orange Cty. Dep't of
Educ.*, 861 F.3d 923, 928 (9th Cir. 2017); *Blount v. Sacramento
Cty. Superior Court*, 559 F. App'x 623, 623 (9th Cir. 2014).

Thus, the State of Hawaii Judiciary, as an
instrumentality of the state, is immune from Yamano's claims for
monetary damages and retrospective relief.  The declaratory
judgment that Yamano seeks is retrospective in nature because it
would require a determination of whether a past constitutional
violation occurred when the Hawaii Supreme Court declined to
review her case.  *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d
835, 848 (9th Cir. 2002), *opinion amended on denial of reh'g*,
312 F.3d 416 (9th Cir. 2002) ("[W]e consider declaratory relief
retrospective to the extent that it is intertwined with a claim
for monetary damages that requires us to declare whether a past
constitutional violation occurred." (quoting *People for the*

*Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202
n.2 (10th Cir. 2002))).

The Eleventh Amendment does not apply to claims for
prospective injunctive relief. *See Demery v. Kupperman*, 735
F.2d 1139, 1147 (9th Cir. 1984). However, the Complaint does
not include a demand for injunctive relief against the State of
Hawaii Judiciary. To the extent that Yamano might seek an order
enjoining the Hawaii state courts from denying her relief in the
future, such relief would raise federalism concerns and is not
cognizable. *See, e.g.*, *Negrete v. Allianz Life Ins. Co. of N.
Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008); *Sandpiper Village
Condo. Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 851
(9th Cir. 2005); *see also* 28 U.S.C. § 2283 ("A court of the
United States may not grant an injunction to stay proceedings in
a State court except as expressly authorized by Act of Congress,
or where necessary in aid of its jurisdiction, or to protect or
effectuate its judgments.").

Further, there are exceptions to Eleventh Amendment
sovereign immunity, but none applies here. Congress may
exercise its power under the Fourteenth Amendment to override
Eleventh Amendment immunity. *Will v. Mich. Dep't of State
Police*, 491 U.S. 58, 66 (1989). There is no indication that
Congress has taken such action. *See id.* (stating that it is
"clear" that "Congress, in passing § 1983, had no intention to

disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect").

The Eleventh Amendment is also inapplicable when a state unequivocally waives sovereign immunity, *id.*, but the State of Hawaii Judiciary has not done that here. The Complaint refers to sections 662-2 and 662-3 of Hawaii Revised Statutes as bases for this court's jurisdiction. ECF No. 1, PageID # 1. These statutes provide that the State of Hawaii consents to suit in state court under certain circumstances.[3] However, "this district's federal courts have recognized that, although the State of Hawaii had consented to be sued in chapter 662 of

---

[3] Section 662-2 of Hawaii Revised Statutes provides:

> The State hereby waives its immunity for liability for the torts of its employees and shall be liable in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

HRS § 662-2 (1972). Section 662-3 provides:

> The circuit courts of the State and, except as otherwise provided by statute or rule, the state district courts shall have original jurisdiction of all tort actions on claims against the State, for money damages, accruing on and after July 1, 1957, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the State while acting within the scope of the employee's office or employment.

HRS § 662-3 (2015).

Hawaii Revised Statutes with respect to torts asserted in state court, that consent did not operate as a waiver by the State of Hawaii of its Eleventh Amendment immunity in federal court." *Cislo v. Fuchigami*, No. CV 17-00487 SOM/KJM, 2017 WL 6559753, at *5 (D. Haw. Dec. 22, 2017).

In her opposition, Yamano argues that Eleventh Amendment immunity does not apply to her claims against the State of Hawaii Judiciary, citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam), and *Stump v. Sparkman*, 435 U.S. 349 (1978). ECF No. 22, PageID # 220. These cases are inapposite and do not support her argument. In both cases, the Supreme Court addressed *judicial* immunity against individual judges, not *sovereign* immunity against states and its instrumentalities. *Mireles*, 502 U.S. at 9-10; *Stump*, 435 U.S. at 355-56. Furthermore, the Court held in both instances that judicial immunity barred suit. *Mireles*, 502 U.S. at 11-12; *Stump*, 435 U.S. at 359-60.

This court concludes that the Eleventh Amendment bars Yamano's claim under § 1983 for monetary damages and retrospective declaratory relief.[4] *See Mitchell v. L.A. Cmty.*

---

[4] The court also notes that section 602-59 of Hawaii Revised Statutes provides broad discretion to the Hawaii Supreme Court with respect to certiorari petitions. *See* HRS § 602-59(a) (2017) (stating that "the acceptance or rejection" of an application for a writ of certiorari "shall be discretionary upon the supreme court").

*Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (holding that the Eleventh Amendment bars § 1983 claims).

### B.  Kobayashi and Huang are Not "State Actors" Under § 1983.

Yamano asserts that Kobayashi and Huang violated her due process rights in their treatment of her digestive issues. ECF No. 1, PageID #s 5-6.  "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); 42 U.S.C. § 1983.  Kobayashi and Huang correctly argue that they cannot be considered "state actors" under § 1983 because they did not act under color of state law in their treatment of Yamano.  ECF No. 10-3, PageID #s 43-47; ECF No. 11-1, PageID #s 91-92.

A defendant has acted under color of state law when he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Generally, private parties are not acting under color of state law unless they are determined to be "willful

participant[s] in joint action with the State or it agents."
*Kirtley v. Rainy*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting
*Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

The Ninth Circuit has recognized four tests to
identify state action: "(1) public function; (2) joint action;
(3) governmental compulsion or coercion; and (4) governmental
nexus." *Kirtley*, 326 F.3d at 1092 (quoting *Sutton v. Providence
St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999)).
These tests are aimed at determining whether "the alleged
infringement of federal rights [is] fairly attributable to the
government." *Kirtley*, 326 F.3d at 1096 (quoting *Sutton*, 192
F.3d at 835) (brackets in original).

The public function test asks whether "private
individuals or groups are endowed by the State with powers or
functions governmental in nature." *Kirtley*, 326 F.3d at 1093
(quoting *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002)).
The joint action test asks whether "the state has so far
insinuated itself into a position of interdependence with the
private entity that it must be recognized as a joint participant
in the challenged activity." *Kirtley*, 326 F.3d at 1093 (quoting
*Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th
Cir. 1995)). Under the compulsion test, we consider "whether
the coercive influence or 'significant encouragement' of the
state effectively converts a private action into a government

17

action." *Kirtley*, 326 F.3d at 1094 (quoting *Sutton*, 192 F.3d at 842). Finally, the nexus test asks whether "there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 1095 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Yamano's claims against Kobayashi and Huang do not satisfy any of these tests. Yamano refers only to conduct stemming from the doctors' respective private practices and their treatment of Yamano's medical issues. *See* ECF No. 1, PageID #s 2-6. The alleged infringement on Yamano's rights by Kobayashi and Huang bears no relation to any state action. Therefore, Kobayashi and Huang cannot be said to have acted under color of state law, and Yamano's § 1983 claims against Kobayashi and Huang are dismissed under Rule 12(b)(6) for failure to state a claim.

   C.   **The *Rooker-Feldman* Doctrine Bars Yamanos's State Claims Against Kobayashi and Huang.**

What remains of the Complaint are Yamano's state malpractice claims against Kobayashi and Huang. These claims are examined under Rule 12(b)(1) and are barred by the *Rooker-Feldman* doctrine.

Under *Rooker-Feldman*, a district court lacks jurisdiction over "cases brought by state-court losers

18

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This is because district courts lack appellate jurisdiction over the judgments of state courts; their jurisdiction is "strictly original." *Id.* at 284 (quoting *Rooker v. Fidelity Trust Co.*, 276 U.S. 413, 416 (1923)).

To determine whether *Rooker-Feldman* applies, this court must determine "whether the action contains a forbidden de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (2013). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the action contains such an appeal, "that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Id.* (quoting *Noel*, 341 F.3d at 1158).

The Hawaii state court dismissed Yamano's medical malpractice suit against Kobayashi and Huang based on Yamano's failure to exhaust administrative prerequisites, and entered

judgment against her. *See* ECF No. 10-6, PageID #s 61-62; ECF No. 10-7 PageID #s 63-64. Yamano asserts that this "erroneous decision," and the subsequent decisions on the Hawaii appellate courts, violated her due process rights. *See* ECF No. 1, PageID #s 4, 6-7. She now asks this court for relief against the State of Hawaii Judiciary based on those decisions. *See id.* at 6-7. Because Yamano "challenges the particular outcome in [her] state case," the Complaint contains a forbidden de facto appeal. *Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) ("[I]t is immaterial that Cooper frames his federal complaint as a constitutional challenge to the state court's decision, rather than as a direct appeal of that decision." (alterations omitted) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003))).

The Complaint's requested relief for the state medical malpractice claims against Kobayashi and Huang "is contingent upon a finding that the state court decision was in error." *See Cooper*, 704 F.3d at 782. This court would be required to find that the Hawaii state court wrongly determined Yamano's administrative prerequisites under state malpractice laws. Thus, Yamano's malpractice claims in the Complaint are "inextricably intertwined" with the Hawaii state court decision. *See id.*

Under *Rooker-Feldman*, this court lacks jurisdiction over Yamano's state malpractice claims against Kobayashi and Huang. Those claims are dismissed.

### D. Yamano Did Not Properly Serve Kobayashi and Huang.

Neither Kobayashi nor Huang was served in accordance with Rule 12(b)(5) of the Federal Rules of Civil Procedure.[5]

Yamano served the doctors' respective counsel from the earlier state lawsuit. ECF No. 7, PageID # 27; ECF No. 9, PageID # 29. Yamano argues that such service was proper given Rule 4(e)(2)(C), which allows for service to "an agent authorized by appointment or by law to receive service of process." ECF No. 22, PageID # 219; Fed. R. Civ. P. 4(e)(2)(C). However, Kobayashi and Huang assert that they did not authorize their prior counsel to accept service in this case. ECF No. 10-3, PageID # 50; ECF No. 11-1, PageID # 90. Representation by certain counsel in an earlier lawsuit does not necessarily indicate authorization to accept service in future, separate suits. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant

---

[5] This order does not address the sufficiency of service on the State of Hawaii Judiciary. This court dismisses claims against the State of Hawaii Judiciary on jurisdictional grounds and therefore does not address nonjurisdictional challenges premised on hypothetical jurisdiction. Because the § 1983 claims against Kobayashi and Huang are dismissed for failure to state a claim, this court does address service of process with respect to them.

and his attorney does not, in itself, convey authority to accept service."); *see also* 4A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1097 (4th ed. 2018) ("[D]efendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of this type has taken place.").

Thus, the Complaint was not properly served on Kobayashi and Huang. Had improper service been the Complaint's only deficiency, the court would have granted Yamano leave to serve them properly. However, given the other deficiencies discussed in this order, such leave is not granted.

**V.    CONCLUSION.**

The Complaint and this action are DISMISSED.

The Clerk of Court is directed to enter judgment for Defendants and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 16, 2018.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Yurie Yamano v. State of Hawaii Judiciary, Doctor Keiichi Kobayashi, and Doctor Katie Huang, Civ. No. 18-00078 SOM-RLP; AMENDED ORDER GRANTING STATE OF HAWAII JUDICIARY'S, DOCTOR KOBAYASHI'S, and DOCTOR HUANG'S MOTIONS TO DISMISS.